UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**IBEW LOCAL UNION NO. 915**
**PENSION-ANNUITY FUND et al.,**

    **Plaintiffs,**

v.                                                                      Case No. 8:23-cv-452-WFJ-AAS

**JAM ELECTRIC, LLC,**

    **Defendant.**
_____/

## ORDER

    Plaintiffs IBEW Local Union No. 915 Pension-Annuity Fund, Randall King, Kenny Wooton, Vance Anderson, Shawn McDonnell, Roberto Rosa, Tony Grieco, IBEW Local Union No. 915 Health and Welfare Fund, Tampa Area Electrical JATC, and Local 915 of The International Brotherhood of Electrical Workers, AFL-CIO (collectively, the plaintiffs) request an order compelling Defendant Jam Electric, LLC to respond to the plaintiffs' Request for Production served on May 16, 2023. (Doc. 21). Jam Electric did not respond and the time to do so has expired. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed.").

    Under Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule

1

26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). However, "[f]ederal courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference where the party establishes 'good cause' for such discovery." *TracFone Wireless, Inc. v. Nektova Grp., LLC*, 328 F.R.D. 664, 666 (S.D. Fla. 2019).

Good cause exists to compel discovery here. Jam Electric has not appeared in this action and clerk's default has been entered against Jam Electric. (Doc. 20). The plaintiffs' motion states their request for production of documents is warranted because the information they seek from Jam Electric is "necessary [for the plaintiffs] to file its Motion for Default Judgment in a timely manner." (Doc. 21, p. 2).

Given Jam Electric's failure to appear in this action and respond to the plaintiffs' motion, the court concludes the plaintiffs have provided good cause to compel the requested discovery. The plaintiffs' motion to compel (Doc. 21) is thus **GRANTED**.

(1) By **August 11, 2023**, Jam Electric must serve written responses to the plaintiffs' Request for Production.

(2) The plaintiffs' attorney's fees and expenses incurred in bring this motion are awarded against Jam Electric. *See* Fed. R. Civ. P. 37(a)(5)(A) ("If the motion [to compel] is granted . . . the court must . . . require the party or deponent whose conduct necessitated the

motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."). The plaintiffs may move for the amount requested, with supporting documentation.

**ORDERED** in Tampa, Florida on July 13, 2023.

AMANDA ARNOLD SANSONE
United States Magistrate Judge